

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,925

### EX PARTE CATHY LYNN HENDERSON

### ON APPLICATION FOR WRIT OF HABEAS CORPUS
### CAUSE NO. 94-2034 IN THE 299TH JUDICIAL DISTRICT COURT
### TRAVIS COUNTY

**Per Curiam. PRICE, J., filed a concurring opinion. COCHRAN, J., filed a concurring opinion in which WOMACK, JOHNSON, and ALCALA, JJ., joined. ALCALA, J., filed a concurring opinion. KEASLER, J., filed a dissenting opinion, in which KELLER, P.J., and HERVEY, J., joined. HERVEY, J., filed a dissenting opinion in which KELLER, P.J., and KEASLER, J., joined. MEYERS, J., not participating.**

### OPINION

This is a subsequent application for writ of habeas corpus in a capital case, in which

applicant asserted that she has newly available evidence that: (1) shows that she is innocent

of capital murder; and (2) but for constitutional errors, she would not have been found guilty.

On June 11, 2007, we found that the application satisfied the requirements for a subsequent

writ under Article 11.071, Section 5, and remanded the application to the trial court for

further proceedings. We will grant relief and remand the cause for a new trial.

In accordance with our remand order, the trial court held an evidentiary hearing. Applicant presented the testimony of six expert witnesses. Relying on new developments in the science of biomechanics, these witnesses testified that the type of injuries that Brandon Baugh suffered could have been caused by an accidental short fall onto concrete. Dr. Roberto Bayardo, the medical examiner who testified at trial that applicant's position that Brandon's injuries resulted from an accidental fall was false and impossible, testified at the evidentiary hearing that he now believes that there is no way to determine with a reasonable degree of medical certainty whether Brandon's injuries resulted from an intentional act of abuse or an accidental fall. The State presented five expert witnesses who testified that, notwithstanding the studies cited by applicant's experts, it was very unlikely that Brandon's injuries were caused by an accidental short fall onto concrete.

Following the evidentiary hearing, the trial court recommended granting a new trial. The court found that all of the expert witnesses were truthful and credible. The court further found that Dr. Bayardo's re-evaluation of his 1995 opinion is based on credible, new scientific evidence and constitutes a material exculpatory fact. The trial court concluded that applicant has proven by clear and convincing evidence that no reasonable juror would have convicted her of capital murder in light of her new evidence.

In post-conviction habeas corpus review, this Court is the ultimate fact finder, but the trial judge is the original fact finder. As a matter of course this Court will defer to and accept

the convicting court's findings of fact and conclusions of law, as long as they are supported by the record. This is particularly true in matters concerning the weight and credibility of the witnesses and, in the case of expert witnesses, the level and scope of their expertise.

In this case, the trial court's findings of fact are supported by the record. Although we need not accept the trial court's conclusions concerning actual innocence, we accept the court's recommendation to grant relief and remand for a new trial.

Delivered: December 5, 2012
Publish